UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| SPIRA FOOTWEAR, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. EP-08-CA-0055-KC |
| | § | |
| STEVEN LEBOW, BYRON LEBOW, and | § | |
| UNGARETTI & HARRIS, LIMITED, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT UNGARETTI & HARRIS, LIMITED'S REPLY TO PLAINTIFF SPIRA FOOTWEAR, INC.'S RESPONSE TO DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY OF JOHN W. DUNBAR

## STATEMENT OF ISSUE

Whether opinion testimony by Plaintiff SPIRA's retained expert on damages, John W. Dunbar, should be excluded.

## ARGUMENT

1. As noted in Defendant UNGARETTI & HARRIS, LIMITED ("U&H")'s Motion to Exclude Expert Testimony of John W. Dunbar, after an expert's opinions are challenged, the proponent of the expert must prove by a *preponderance of the evidence* that the opinions are admissible and should not be excluded.[1] Despite this requirement, however, Plaintiff SPIRA's Response presents *no evidence* and instead consists solely of unsupported argument. As shown below, such argument is insufficient to overcome the deficiencies in Dunbar's expert report.

### A. DUNBAR'S OPINIONS ARE NOT BASED ON REASONABLE PROBABILITY

2. SPIRA does not deny an expert opinion must be based on reasonable probability.[2] Nor can SPIRA deny Dunbar's report expressly disclaims being based on reasonable probability: "*[A]ctual results* achieved during the projection period *will likely vary* from the projections utilized in this report," and "*John W. Dunbar, CPA will not express any form of assurance on the likelihood of achieving the forecast/projection.*"[3]

3. Instead, SPIRA attempts to brush aside the effect of Dunbar's disclaimers by characterizing them as "standard disclaimer language utilized by certified public accountants and certified valuation analysts" and claiming "[t]his disclaimer language is taken in part from the AICPA Statement on Standards for Valuation Services No. 1."[4]

---

[1] See Defendant's Motion to Exclude, ¶ 9 (citing Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 592 n.10 (1993)) (emphasis added). See also Tanner v. Westbrook, 174 F.3d 542, 548-549 (5th Cir. 1999) (holding it is an abuse of discretion to admit an expert opinion "based on [inadequate] materials submitted in support of its validity"; concluding "[W]e [do not] know if [the expert's] opinion is supportable. We say only that it was not supported in this record"); Prepaid Wireless Svcs., Inc. v. Southwestern Bell Wireless, Inc., 2002 U.S. Dist. Lexis 28229, 14 (S.D. Tex. 2002) ("A party should support its response [to an expert challenge] with an affidavit of the challenged expert, clarifying any confusion stemming from his deposition, and otherwise explaining why his opinions are reliable").

[2] See Defendant's Motion to Exclude, ¶ 10 (citing Dartez v. Fibreboard Corp., 765 F.2d 456, 466 (5th Cir. 1985) (holding expert opinions must be based on reasonable probability; citing Gideon v. Johns-Manville Sales Corp., 761 F.2d 1129, 1137 (5th Cir. 1985) for proposition that: "Possibility alone cannot serve as the basis for recovery, for mere possibility does not meet the preponderance of the evidence standard")).

[3] See Defendant's Motion to Exclude, ¶ 12 (citing Exhibit "A" thereto, Dunbar's Report, P. 1-2) (emphasis added).

4. However, SPIRA presents no *evidence* Dunbar's disclaimers comport with any "standard disclaimer language." Nor does SPIRA explain—much less present evidence of—why AICPA's standards might be considered relevant or authoritative. Further, no specific provision of "AICPA Statement on Standards for Valuation Services No. 1" is cited, quoted, or even attached as an appendix to SPIRA's Response, nor is this document discussed in Dunbar's report.[5]

5. In addition, even if Dunbar's disclaimers were completely "standard," this would do nothing to change what they actually *say*, which is that Dunbar's opinions do not meet the required reasonable probability standard: "*John W. Dunbar, CPA will not express any form of assurance on the likelihood of achieving the forecast/projection.*"

6. Furthermore, although SPIRA claims Dunbar's disclaimers are needed to prevent third-party reliance,[6] this explanation falls flat since third-party reliance is elsewhere separately addressed in Dunbar's report.[7] And regardless of motive, the disclaimers still say what they say.

7. Finally, SPIRA attempts to salvage matters by noting Dunbar's final conclusion contains the magic words "reasonable degree of accounting probability."[8] However, the flat contradiction between this final conclusion and the express disclaimers of reasonable probability discussed above only makes matters worse, not better. That is, such inconsistency and the resulting

---

[4] See Plaintiff's Response, P. 2.

[5] Notably, SPIRA admits Dunbar's disclaimers are taken only "*in part*" from "AICPA Statement on Standards for Valuation Services No. 1," but fails to explain why or how this "standard language" was added to or modified.

[6] See Plaintiff's Response, P. 2 ("There is a very good reason for using such disclaimer language, particularly when dealing with projections or forecasts. Reports of projections or forecasts often end up in the hands of third parties for whom the report was not intended. There has been litigation generated by such third parties and accordingly the AICPA suggested applicable disclaimer language").

[7] See Defendant's Motion to Exclude, Exhibit "A" thereto, Dunbar's Report, P. 3 ("Any third persons…are cautioned that John W. Dunbar, CPA has no duty to you and, therefore, no warranty is expressed or implied. Nothing in this report is intended to replace your independent sole judgment, due diligence, or decision to seek professional legal, or accounting counsel"; "This report has been prepared solely for the use of the party or parties named and specifically for the purposes set out therein.…I hereby disclaim liability to any other person. Any other person should not rely upon the information and conclusions reached nor should any statement in this report be used for any other purpose without written consent from John W. Dunbar, CPA").

[8] See Plaintiff's Response, P. 3.

confusion and uncertainty only fortify the case for excluding Dunbar's opinions, not weaken it.[9]

## B. DUNBAR'S OPINIONS ARE NOT BASED ON VALIDATED METHODOLOGY

8.  SPIRA attempts to demonstrate Dunbar's opinions are based on validated methodology by outlining steps in Dunbar's analysis and peppering the discussion with assurances such as:

> This is a standard methodology utilized by accounting and valuation professionals which Dunbar utilized based upon his 30 years experience and his background and training.[10]
>
> All of this is recognized methodology in the profession.[11]
>
> Dunbar used the well-recognized standard to determine lost net profits....[12]

9.  However, SPIRA's burden is to establish by a *preponderance of the evidence* that Dunbar used a validated methodology, not simply make an unsupported argument to this effect. Without supporting evidence (deposition testimony, affidavit, etc.), SPIRA's argument alone cannot demonstrate Dunbar used a validated methodology.

## C. DUNBAR'S OPINIONS ARE MERE *IPSE DIXIT*

10. SPIRA disputes Dunbar's opinions are mere *ipse dixit* ("say so"). More specifically, SPIRA claims Dunbar applied the "normalization process" to "extract those extraordinary expenses that under normal circumstances would not have been incurred by SPIRA," then drew the following "logical and straightforward" conclusion "directly based upon the data":

> [H]ad that money been available to SPIRA for constructive expenditures such as acquisition of inventory, continued growth, and raising of additional capital, SPIRA would have been profitable and in a strong position for future profitability had it not been for Defendants' destructive expenditures.[13]

11. However, this reasoning is patently defective. One could easily identify some other

---

[9] See Prepaid Wireless Svcs, Inc. v. Southwestern Bell Wireless, Inc., 2002 U.S. Dist. Lexis 28229, 8-9 (S.D. Tex. 2002) (expert's "inconsistent testimony" in report, among other factors, renders opinions "'hopelessly flawed' and, therefore, properly excluded"); McGlinchy v. Shell Chem. Co., 845 F.2d 802, 806-7 (9th Cir. 1988) (same).

[10] See Plaintiff's Response, P. 4.

[11] See Plaintiff's Response, P. 5.

[12] See Plaintiff's Response, P. 6.

[13] See Plaintiff's Response, P. 6-7.

"extraordinary expense" (e.g., say SPIRA should have spent only $30 on pencils in 2002 but actually spent $35), substitute this new "extraordinary expense" for the "extraordinary expense" attributed to Defendants, otherwise recite the same analysis contained in Dunbar's report, and arrive at the equally "logical and straightforward" conclusion "directly based upon the data," i.e., that SPIRA'S lost profits are attributable to this new "extraordinary expense." No legitimate accounting methodology promotes or permits drawing such sweeping, unjustified conclusions that would apply equally to any given "extraordinary expense" plugged into Dunbar's analysis, and certainly neither SPIRA nor Dunbar cite any evidence or authority otherwise.[14] Ultimately, nothing connects Defendants' alleged conduct to SPIRA's supposed lost profits other than Dunbar's mere "say so." Such an "analytical gap" between underlying data and proffered expert opinion should result in the opinion being excluded.

12. Further, SPIRA wholly fails to address the argument that Dunbar's opinions cannot properly be based on *SPIRA's* mere "say so" either, and specifically fails to deny Dunbar's profit forecasts are all ultimately based on "budget" projections created by SPIRA, which Dunbar simply accepts at face value.[15] Accordingly, Dunbar's opinions should be excluded for this reason as well.

### D. DUNBAR FAILS TO RULE OUT ALTERNATIVE CAUSES

13. In regard to ruling out possible alternative causes of SPIRA's alleged damages, SPIRA contends Dunbar "consider[ed]…all of the factors which U&H claims he ignored."[16] However, the issue is not whether Dunbar merely *considered* (or mentioned or listed) possible alternative

---

[14] Dunbar might object not just any "extraordinary expense" will result in ten million dollars of lost profit, but any distinction he might wish to make in this regard would only constitute more "say so," and would not be attributable to any method, procedure, or accounting principle identified in his report or Plaintiff's Response.

[15] See Defendant's Motion to Exclude, ¶¶ 21-22.

[16] See Plaintiff's Response, P. 8.

causes, but whether he was actually able to *rule them out*. This is something Dunbar simply failed to do. Setting aside the handful of alternative causes SPIRA now claims are "patently inapplicable,"[17] neither Dunbar's report nor SPIRA's Response attempts to rule out or apportion the remainder of the sixteen alternative causes listed in Defendant U&H's Motion to Exclude. At a minimum, Dunbar should have ruled out each of these causes, since they are all listed in his report. Accordingly, because Dunbar failed to do so, his opinion that Defendants' conduct caused SPIRA's alleged damages should be excluded as speculative.

14. For all these reasons, Defendant U&H asks that Dunbar's expert opinions be excluded.

Respectfully submitted,

**LUCKY, ENRIQUEZ, PIACENTI & SMIGIEL, P.C.**
300 East Main, Suite 630
El Paso, Texas 79901
(915) 356-3500
(915) 356-3456 FAX

DATED: December 26, 2008   By: _____ for _____
**JEFFREY T. LUCKY**   *with permission*
State Bar No. 12667350

Attorneys for Defendant
UNGARETTI & HARRIS, LIMITED

## CERTIFICATE OF SERVICE

I hereby certify that on the above date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will effect service by sending notification of such filing to the following: Mr. E. Link Beck, BECK & GIVEN, P.C., 5915 Silver Springs Drive, Bldg 4, El Paso, Texas 79912, Attorneys for Plaintiff SPIRA FOOTWEAR, INC., Mr. Wiley F. James, III, JAMES & HAUGLAND, P.C., P.O. Box 1770, El Paso, Texas 79949, Attorneys for Defendant STEVEN LEBOW, and Mr. Randy Lee, Attorney at Law, 3300 N. A Street, Building 2-104, Midland, Texas 79705-1056, Attorney for Defendant BYRON LEBOW.

_____
OF COUNSEL

K:\JTL\Spira v. Lebow 977-001\Pleadings\strike-dunbar2.reply.doc\arp*

---

[17] See Plaintiff's Response, P. 7-8.